Case 4:23-cv-00026   Document 19   Filed on 05/31/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KPLER, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00026 |
| | § | |
| ANCHOR SPECIALITIES, LTD, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

### I.   INTRODUCTION

Before the Court is the plaintiff's, Kpler, Inc., ["Kpler"], motion for summary judgment [DE 17].  The defendant, Anchor Specialties LTD, d/b/a Anchor Energy Services ["Anchor"], although duly served with Kpler's Complaint and having executed a waiver of service [DE 3], has failed to respond to Kpler's motion for summary judgment.  The time to respond has passed and the Court takes up the motion at this time.

### II.   FACTUAL BACKGROUND

The unchallenged facts set out in Kpler's motion for summary judgment reveal that on December 10, 2018, Anchor executed a Kpler SAMS Services Order to "provide real time cargo intelligence for Nigerian crude and LNG cargoes and shipping activities ". . . from Nigerian Loading Terminal, cargo-by-cargo, to destinations worldwide . . ." through satellite coverage included berth level cargo tracking, destination port data, cargo details and content info-sourcing. The initial term of the Agreement – December 10, 2018 through December 9, 2019 – was charged at $150,000.  Thereafter, the Agreement automatically renewed each year "unless either party requests termination at least thirty (30) days prior to the end of the then-current term."

At the end of the first year, 2019, neither party to the Agreement requested termination. The Agreement automatically renewed on December 10, 2019 and extended to December 10, 2020. According to Kpler, the renewal services fee was $285,000, to be paid in three installments – in December 2020, May 2021 and August 2021. Anchor failed to pay the fees charged. Nevertheless, on December 10, 2021, the Agreement, again, automatically renewed for another term – December 2021 through December 2022. In this lawsuit, Kpler seeks damages, pursuant to the Agreement, in the amount of $493,479.45, plus post-judgment interest. In addition, Kpler seeks to recover an attorney's fee in the amount of $48,724.82.

### III.   SUMMARY JUDGMENT STANDARD

Federal Rules of Civil Procedure, Rule 56(c) provides that a court is obliged to grant a summary judgment where the pleadings and supporting documents show that no genuine issue of material fact exists and that the moving party is otherwise entitled to judgment as a matter of law. The burden then shifts to the non-moving party to point out in the record any genuine issue of fact that is material, and sufficiently so, that it disputes the moving party's evidence. Where the non-moving party fails to respond to the moving party's motion and supporting data, a court cannot enter a default summary judgment on basis fact alone but may accept all undisputed facts as true and determine whether the undisputed facts are sufficient to support the movant's motion for summary judgment.

### IV.   ANAYLSIS AND DISCUSSION

After examining Kpler's motion and the exhibits in support, the Court determines that the elements of Kpler's claim for breach of contract are met and that Kpler is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). The transaction documents as well as Anchor's responses to Kpler's interrogatories show that Anchor and Kpler

entered into a contract for services on December 10, 2018, that renewed annually unless it was canceled by notice or nonpayment. Anchor never sough cancellation of the Agreement, even when its account became delinquent. Instead, it encouraged Kpler to continue providing the service in anticipation of receiving payment from its Nigerian partner. *See* [Anchor Interrogatory Answer No. One – Document No. 17-9]. Anchor admitted as much in its answer to interrogatory number two indicating that it owed Kepler $372,500, through July 2022. But it denied that it owed (the remaining balance of $120,979.45. However, Anchor does not deny that the services agreed to continue through at least, November 2022. Instead, it argues that Kpler should have ended the agreement.

While Anchor asserts in its response to Kpler's suit the defense of mitigation, Anchor has not presented evidence that Kpler extended the terms of the Agreement beyond the agreed period or acted rashly or imprudently by letting the agreement end on its own terms. Tellingly, Anchor requested that Kpler exercise constraint and not discontinue its service in 2022. The Court concludes that Anchor's mitigation defense is factually unsupported and fails as a matter of law.

Concerning Kpler's claim for collection fees and, in particular an attorney's fee. The Agreement provides for the eventuality that either party might fail to fulfill its obligations under the Agreement. The Agreement provides that "unpaid amounts [service fees] are subject to a finance charge . . . [as well as] all expenses of collection . . .." The Court finds that the collection fees [finance charges] are reasonable and that the attorney's fees incurred are also reasonable. *See Arthur Andersen & Co. Perry Egypt Corp.*, 945 S.W. 2d 18 (Tex. 1997); *see also* [Affidavit of Attorney's Fees incurred – Document 17-7; incorporated by reference]. Therefore, the Court awards an attorney's fee to Kpler in the amount of $48,724.82.

## IV. CONCLUSION

Based on the foregoing analysis and discussion, the Court determines that Kpler's motion for summary judgment should be granted and that a Final Judgment should be entered.

It is so Ordered.

SIGNED on May 31, 2024, at Houston, Texas.

                                            Kenneth M. Hoyt
                                            United States District Judge